UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| PATRICIA M. COLBURN )<br><br>                              )<br>            Plaintiff,          )<br>v.                            )<br>                              )<br>IBEW LOCAL 2133 (RICHARD CAPELLO),  )<br>IBEW LOCAL 2222 (MYLES CALVERY),    )<br>VERIZON.                      )<br>                              )<br>            Defendants.        )<br>                              ) | CIVIL ACTION NO.<br><br>04-CV-11859MLW<br><br>(Related Case: 04-CV-11784MLW) |

**DEFENDANT, VERIZON COMMUNICATIONS, INC.'S[1]**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR**
**FOR A MORE DEFINITE STATEMENT**

The Defendant, Verizon Communications, Inc. ("Verizon") seeks the dismissal of the

Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), Fed. R. Civ. P. 8,  and Fed. R. Civ. P.

10 or, in the alternative, for an order requiring the Plaintiff to file a more definite statement

pursuant to Fed. R. Civ. P. 12(e).  The Plaintiff's Complaint fails to set forth a legal cause of

action for which relief may be granted pursuant to Rule 12(b)(6).  Specifically, the Plaintiff's

hybrid wrongful termination/breach of the duty of fair representation claims, which are governed

by the Labor Management Relations Act, 29 U.S.C. §§ 158 and 185, should be dismissed

because such claims are barred by the applicable six-month statute of limitations.

Alternatively, the Complaint filed by Plaintiff, Patricia Colburn ("Ms. Colburn" or

"Plaintiff"), is so vague and ambiguous that it does not comply with Rule 8 or Rule 10, nor can

Verizon respond in good faith without prejudicing itself.  Therefore, in the alternative to

---

[1] In the Plaintiff's Complaint, she has identified the Defendant simply as "Verizon."

dismissal, Verizon requests that the Plaintiff be required to file a more definite statement pursuant to Rule 12(e).

<u>**FACTUAL BACKGROUND**</u>

The Complaint, which is incorporated in the state court record attached to the Defendant's Local Rule 81.1 Statement filed with the Court on September 2, 2004 (Paper No. 2), consists of a five-page, single-spaced typed document entitled "This is the Case Against Verizon and the Union." The Plaintiff also includes three typed pages consisting of her allegations about the "rules for dismissal," a purported list of employees (who were allegedly terminated and rehired), and a list of her witnesses. In the Plaintiff's Complaint, she fails to identify who is a named party in the action or which allegations pertain to "Verizon" or "the Union." Furthermore, she has failed to even allege any particular cause of action. Rather, the Complaint is a rambling narrative of events in Ms. Colburn's work and personal life, often times without any dates, and always failing to connect her allegations with her theory of liability or damages against Verizon.

In its current state, the Complaint fails to allege even the barest assertion of the basis for a cognizable claim, fails to set forth any allegation of causation, and fails to assert the reasons why Verizon owes her damages. Similarly, she fails to identify the relief she seeks, ending her Complaint with "[h]elp me, Help me [sic] you helped many other employees to get there [sic] jobs back. Why not me?" In addition, the Complaint does not constitute a "short and plain statement" of her claims as required by Rule 8.

Further, the Complaint is the antithesis of the pleading envisioned by Rule 10, subsections (a) and (b), which requires a Complaint, at a minimum, to have a caption which includes "the names of all the parties" and to set forth the averments in "numbered paragraphs,

BOS_457644_2/WROSEBUSH

the contents of each shall be limited as far as practicable to a statement of a single set of circumstances." Likewise, the Plaintiff fails to set forth "each claim" in a "separate count" permitting Verizon to ascertain the claims the Plaintiff is asserting against it pursuant to Rule 10(b).

What information can be discerned indicates that Verizon is entitled to dismissal of the claims pursuant to Rule 12(b)(6) because the statute of limitations has run on the Plaintiff's hybrid wrongful termination/breach of the duty of representation claim. The essence of the Plaintiff's Complaint is that she was terminated and that she "should have had the union on [her] side and fighting for [her]"(Complaint, p. 5). According to the Plaintiff's Complaint, she learned of her termination on February 1, 2002.[2]

## ARGUMENT

I.    **PLAINTIFF'S COMPLAINT ATTEMPTS TO ASSERT A HYBRID WRONGFUL TERMINATION/UNFAIR REPRESENTATION CLAIM BASED UPON HER STATUS AS A UNION MEMBER, AND, THEREFORE, THE CLAIM IS BARRED BY THE STATUTE OF LIMITATIONS.**

Plaintiff's claims are pre-empted by federal law and barred by the applicable statute of limitations.[3]

Claims brought by an employee (who is a member of a union) "for wrongful termination and breach of the duty of fair representation constitute a hybrid wrongful termination/fair representation action under § 301 of the Federal Labor Management Relations Act, 29 U.S.C. § 185 (1982)." Driscoll v. Boston Edison Co., 25 Mass. App. Ct. 954, 954-55 (1988). Such claims are governed by federal law, which controls over inconsistent state law. Driscoll, 25 Mass. App.

---

[2] The Complaint actually states that the Plaintiff learned of the termination on February 1, 2001. (Complaint, p. 4). This appears to be a typographical error and should say 2002 given the date the termination letter was sent to the Plaintiff.

[3] On the issue of federal preemption, Verizon incorporates herein by reference the Motions to Dismiss and the Memoranda in Support filed by Richard Cappiello on August 18, 2004 (Papers No. 2 and 3) and Myles Calvery on August 26, 2004 (Papers No. 6 and 7) in the related action, 04-CV-11784MLW, attached hereto as Exhibit A.

Ct. at 955. "Under Federal law, a uniform limitations period applies to actions brought against the employer and the union; namely, the six-month limitations period specified in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b)(1982)" Id., citing DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 169-171 (1983).

Claims for wrongful termination (essentially an alleged breach of the collective bargaining agreement) against the employer and claims against the union for breach of the duty of fair representation are "inextricably interdependent." DelCostello, 462 U.S. at 164-65. To prevail against either the employer or the union, the Plaintiff must prove the same case. Id. at 165 (finding that even the "fairly mundane and discrete wrongful-discharge complaint" was subject to the six-month statute of limitations applicable to § 301 fair representation claims). Therefore, the statute of limitations is the same (6 months) for both claims against the employer and the union. Driscoll, 25 Mass. App. Ct. at 955.

Although it is difficult to discern the particular theory of liability the Plaintiff intends to pursue,[4] the gist of her complaint – that she was terminated and that she "should have had the union on [her] side and fighting for [her]"(Complaint, p. 5) – is the type of hybrid wrongful termination/unfair representation claim that is subject to the six-month statute of limitations articulated in DelCostello and Driscoll, *supra*. Therefore, the statute of limitations accrues no later than the date of the Plaintiff's discharge. Driscoll, 25 Mass. App. Ct. at 955.

Here, the Plaintiff received written notice of her termination (effective retroactively to December 15, 2001) on February 1, 2002.[5] Therefore, the Plaintiff had until August 1, 2002, at the latest, to file her claim. She did not do so until July 19, 2004, almost two years after the statute of limitations ran. As a result, her claims are time barred and should be dismissed.

---

[4] The Defendant does not concede that the Plaintiff states a claim, only that her Complaint attempts to state a hybrid claim under § 301, and, therefore, is time barred.
[5] See footnote 2, supra.

BOS_457644_2/WROSEBUSH

**II.    THE COMPLAINT DOES NOT COMPLY WITH THE PLEADING REQUIREMENTS OF RULE 8 OR RULE 10.**

Rule 8(a) of the Federal Rules of Civil Procedure defines what a claim for relief must contain and how it should be presented to the Court.  It requires the Complaint to set forth:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Rule 10(a) and (b) require the Complaint to contain a caption containing the "names of all the parties" and setting forth each allegation in separate, numbered paragraphs. Fed. R. Civ. P. 10(a) and (b).

Pursuant to Rule 8, the Complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  As a result, courts, when construing pleadings, must "always exhibit awareness of the defendant's inalienable right to know in advance the nature of the cause of action being asserted against him." Rodriguez v. Doral Mortgage Corp., 57 F.3d 1168, 1171 (1st Cir. 1995). Complaints are inadequate if they fail to provide notice of circumstances which give rise to the claim or do not set forth sufficient information to outline the elements of the claim. Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (1st Cir. 1999).

The Complaint does not contain sufficient information to permit the Defendant to fairly understand what the Plaintiff is complaining about, and whether there is a legal basis for recovery, including the causal connection between the alleged acts and the alleged harm the Plaintiff claims to have suffered.  Rather, it contains a narrative that is incomprehensible concerning the alleged acts of "Verizon" and/or "the Union."  Therefore, the Plaintiff's

BOS_457644_2/WROSEBUSH

Complaint should be dismissed or the Plaintiff should be ordered to file a more definite statement.  See Kittay v. Kornstein, 230 F.3d 531, 541 (2d Cir. 2000) ("Under the Rules' liberal pleading standards, a plaintiff must disclose sufficient information to permit the defendant 'to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery'"); See also Beanal, 197 F.3d at 164-66 (affirming dismissal of complaint that contained conclusory allegations and lacked factual specificity).

In short, the Plaintiff's scarce allegations do not comply with the fair notice requirements of Fed. R. Civ. P. 8.  Therefore this Court should grant Defendant's Motion to Dismiss, or alternatively order the Plaintiff to provide a more definite statement to enable the Defendants to respond to the impenetrable complaint.

**III.    IF THE COURT DOES NOT DISMISS THE COMPLAINT, IT SHOULD ORDER THE PLAINTIFF TO FILE A MORE DEFINITE STATEMENT.**

Even if this Court were to conclude that the allegations met the requirements of Rule 8(a) and 10(a) and (b), the Defendant is still entitled to the relief sought under Rule 12(e).  Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513-14 (2002) (if claims are not subject to dismissal under Rule 8, defendant can move for more definite statement under Rule 12(e)).

Rule 12(e) of the Federal Rules of Civil Procedure provides, in pertinent part, that

> If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading.  The motion shall point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e).  Although motions for more definite statements are not favored, they are appropriate and should be granted where the allegations are unintelligible or "so vague and ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself."  5A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc.

BOS_457644_2/WROSEBUSH

Civ. 2d § 1376 (2d ed. 1990 & 2002 Supp.); See Beanal, 197 F.3d at 164 (if complaint is ambiguous or does not contain sufficient information, proper remedy is motion for a more definite statement under Rule 12(e)).

Courts have recognized Rule 12(e) motions as the proper remedy if the complaint fails to meet the pleading requirements of Rule 8, but the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6). 2 Moore's Federal Practice § 12.36[1] (Matthew Bender 3d ed. 1997 & 2003 Supp.); See, e.g., Sweirkiewicz, 534 U.S. at 513-514 (2002) (Rule 12(e) is inextricably linked to Rule 8(a)'s notice pleading standard; "[i]f a pleading fails to specify allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding."); Anderson v. District Board of Trustees of Central Florida Community College, 77 F.3d 364, 367 (11th Cir. 1996) (motions for definite statement are granted in response to "shotgun" pleadings which do not identify which allegations of fact support which claims for relief and do not permit a defendant to file a responsive pleading).

Therefore, the Plaintiff should be ordered to file a more definite statement pursuant to Rule 12(e) because the Complaint as presently framed does not allow the Defendant to respond without prejudicing itself. Specifically, the Plaintiff should be required to assert in a pleading consisting of separate numbered paragraphs, the contents of which shall be limited "as far as practicable to a statement of a single set of circumstances.": 1) the identity of the party(ies) she is suing; 2) the theories of liability she is pursuing; 3) the specific factual allegations that support each claim against each party; 4)) how the Defendant's alleged acts or omissions caused the Plaintiff to incur some financial or other harm; and 5) the factual basis for and nature of the damages she is seeking.

BOS_457644_2/WROSEBUSH

## CONCLUSION

For the reasons set forth herein and in the Motions to Dismiss and Memoranda filed in Support in the related matter, 04-CV-11784MLW, which are attached hereto as Exhibit A, the Defendant requests that the Court grant Defendant's Motion to Dismiss, or alternatively to Order the Plaintiff to provide a more definite statement pursuant to Rule 12(e).

Respectfully submitted,

VERIZON COMMUNICATIONS, INC.
By its attorneys,


____/s/ Windy L. Rosebush_____
Timothy P. Van Dyck, BBO #548347
Windy L. Rosebush, BBO #636962
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 439-4444

Date: September 7, 2004


## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on September 7, 2004, I caused a copy of the foregoing document to be served upon Patricia M. Colburn, *pro se*, 100 Kenelworth Avenue, Brockton, MA 02301 via certified mail, return receipt requested and first class mail.

____/s/ Windy L. Rosebush_____

BOS_457644_2/WROSEBUSH