# Edwards & Angell LLP

101 Federal Street   Boston, MA 02110   617.439.4444   *fax* 617.439.4170

Windy L. Rosebush
617.951.22774
*fax* 617.439.4170
wrosebush@edwardsangell.com

September 2, 2004

**BY HAND**

Civil Clerk's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston, MA 02210

> Re:   Patricia M. Colburn v. Verizon, et al.
>       Civil Action No. 04-CV-11859MLW
>       Related Case: 04-CV-11784MLW

Dear Sir or Madam:

Enclosed for filing with your office please find the Local Rule 81.1 Statement, in connection with the above-referenced matter:

Kindly date-stamp the enclosed copy of these papers, and return it to the messenger for return delivery to our office.

Thank you for your assistance with this matter.

Very truly yours,

Windy L. Rosebush

Encls.
cc:   (w/enclosures)
      Tim Van Dyck, Esq.
      Lisa M. Birkdale
      Amy D. Seifer
      Nicole Horberg Decter, Esq.
      Patricia M. Colburn, *pro se* (via certified mail, return receipt requested

BOS_458755_1.DOC/WROSEBUSH

BOSTON | FT. LAUDERDALE | HARTFORD | NEW YORK | PROVIDENCE | SHORT HILLS, NJ | STAMFORD | WEST PALM BEACH | WILMINGTON | LONDON

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

|  |  |  |
|---|---|---|
| PATRICIA M. COLBURN | ) | CIVIL ACTION NO. |
|  | ) |  |
| Plaintiff, | ) | 04-CV-11859MLW |
|  | ) |  |
| v. | ) | (Related Case: 04-CV-11784MLW) |
|  | ) |  |
| IBEW LOCAL 2133 (RICHARD CAPELLO), | ) |  |
| IBEW LOCAL 2222 (MYLES CALVERY), | ) |  |
| VERIZON. | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## LOCAL RULE 81.1 STATEMENT

Pursuant to Local Rule 81.1 of the United States District Court for the District of Massachusetts, attached as Exhibit A is a certified copies of all of the filings in the matter of Patricia M. Colburn v. Verizon, et al., Civil Action No. 2004-00889 in the docket of the Superior Court of the Commonwealth of Massachusetts for Plymouth County.

Respectfully submitted,
VERIZON COMMUNICATIONS, INC.

By their attorneys,

Timothy P. Van Dyck, BBO #548347
Windy L. Rosebush, BBO #636962
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 439-4444

Date:  September 2, 2004

## CERTIFICATE OF SERVICE

    I, Windy L. Rosebush, hereby certify that on September 2, 2004 I caused a copy of the foregoing document to be served upon all counsel of record and Patricia M. Colburn, *pro se*, 100 Kenelworth Avenue, Brockton, MA 02301 via certified mail, return receipt requested.

*Windy Rosebush*
(WINDY ROSEBUSH)

MAS-20031124

eliasreo

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

09/01/2004
01:34 PM

## PLCV2004-00889
## Colburn v Verizon et al

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 07/19/2004 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 08/26/2004 | Session | A - Civil A - CtRm 4 (Brockton) | | | |
| Origin | 1 | Case Type | B99 - Misc tort | | | |
| Lead Case | | Track | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 10/17/2004 | Answer | 12/16/2004 | Rule12/19/20 | 12/16/2004 | |
| Rule 15 | 12/16/2004 | Discovery | 05/15/2005 | Rule 56 | 06/14/2005 | |
| Final PTC | 07/14/2005 | Disposition | 09/12/2005 | Jury Trial | Yes | |

### PARTIES

**Plaintiff**
Patricia M. Colburn
100 Kenelworth Avenue
Brockton
Brockton, MA 02301
Phone: 508-584-5713
Active 07/19/2004 Notify

**Defendant**
Verizon
125 High St.
Served: 08/06/2004
Served (answr pending) 08/17/2004

**Private Counsel 636962**
Windy L Rosebush
Edwards & Angell
101 Federal Street
Boston, MA 02110
Phone: 617-439-4444
Fax: 617-439-4170
Active 08/26/2004 Notify

**Defendant**
IBEW Local 2133 (Richard Capello)
106 West Grove St.
Middleboro, MA 02346
Served: 08/04/2004
Served (answr pending) 08/11/2004

**Private Counsel 549689**
Harold L Lichten
Pyle Rome Lichten & Ehrenberg
18 Tremont Street
Suite 500
Boston, MA 02108
Phone: 617-367-7200
Fax: 617-367-4820
Active 08/19/2004 Notify

**Private Counsel 658268**
Nicole Horberg Decter
18 Tremont Street
suite 500
Boston, MA 02108
Phone: 617-367-7200
Fax: 617-367-4820
Active 08/19/2004 Notify

A TRUE COPY ATTEST

*Fremd R. Fower*
CLERK

case01 213222 y y y y y y

MAS-20031124
eliasreb

**Commonwealth of Massachusetts**
PLYMOUTH SUPERIOR COURT
Case Summary
Civil Docket

09/01/2004
01:34 PM

## PLCV2004-00889
### Colburn v Verizon et al

| Defendant |
|---|
| IBEW Local 2222 (Myles Calvery)<br>122 Quincy Shore Drive<br>Quincy, MA 02171<br>Served: 08/16/2004<br>Served (answr pending) 08/20/2004 |

| ENTRIES | | |
|---|---|---|
| **Date** | **Paper** | **Text** |
| 07/19/2004 | 1.0 | Complaint & civil action cover sheet filed Jury Trial ((290.00 3 summons) |
| 07/19/2004 | | Origin 1, Type B99, Track F. |
| 07/19/2004 | 2.0 | Pro-se plaintiff, Patricia M. Colburn's MOTION to send summons by certified mail. |
| 07/19/2004 | | MOTION (P#2) DENIED (Charles M. Grabau, Justice) Notices mailed July 20, 2004 |
| 08/11/2004 | 3.0 | SERVICE RETURNED: IBEW Local 2133(Richard Capello)(Defendant)summons service made on August 4,2004 by leaving at the last and usual place of abode |
| 08/17/2004 | 4.0 | SERVICE RETURNED: Verizon(Defendant) |
| 08/19/2004 | 5.0 | Case REMOVED this date to US District Court of Massachusetts by deft atty Nicole Horberg Decter |
| 08/20/2004 | 6.0 | SERVICE RETURNED (summons): IBEW Local 2222 (Myles Calvery), service made on August 16, 2004 (in hand) |
| 08/26/2004 | 7.0 | Case REMOVED this date to US District Court of Massachusetts by deft's Verizon Atty.Windy Rosebush |

| EVENTS |
|---|

case01 213222 y y y y y y

04-00889A

①

# THIS IS THE CASE AGAINST VERIZON AND THE UNION

I was an Employee for Verizon for 25 ½ years.  When I was working for Mr. Michael Shea, he was the nicest Boss anyone could ask for if I had a problem he would help me. I had a lot of bad luck in my life, but Mr. Shea would work with me to help you not punish you.  I took many setups (management) for Mr. Shea and I was good at what I did. I always gave my all.  I was a dedicated employee.  Until I transferred to a different department, this was just moving my seat.  My new second Mr. Giard and this was the boss from hell he had all these rules that he made up which was that only 1 night person can be off at a time

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT OF THE TRIAL COURT
PLYMOUTH COUNTY

JUL 19 2004

CLERK

Well I was driving to work on the highway, my truck just stopped going I was in the middle lane, and I was scared I was stepping on the gas but nothing was happening. I got my truck off to side of the road. called my boss, and told her what was happening, I asked for an emergency vacation day but there was someone off already.  Mrs. Craig said you know the rules that meant I had to ask Mr. Giard I said I will be late I am calling A AA for help and would call back.  Then a state trooper stopped to help me with my truck.  It started right up for him and he said sometimes the trucks gas gage are off and I might be out of gas he followed me to a gas station I fill my truck and went off to work that was July 18, 2000. Well not even a week went by and it happen again this time it was pouring raining my truck just stopped I got it to the side of the road call my boss Maryann Craig and said I need to have and emergency day off my truck died again.  Well she said you know I cannot give you a day off you need to speak with Mr. Giard. His reply was you seam to ask for many days off for emergency.  I said well come and get me I am on the highway.  I am waiting for AAA road service to come and Mr. Giard, put me in for no payday.  Now I do have paid vacation days but Mr. Giard does not break any of his rules.  The problem with my truck was the alternator and when it rains; your truck will just stop. Mr. Giard has giving days off for other employees (Her name is Nancy Reynolds).

 Well bad luck hit my life again My daughter woke up in the middle of the night complaining of very bad cramps and that she was bleeding I got up and realized she was hem urging I rushed her to the hospital which I was there all night I believe it was 2am when we got to the hospital.  The doctor informed me my daughter had a miscage and was hem urging and need to stay in the hospital that day and the next 3 days she need to say in bed.  Well

CLERK

now, I have to call work I hated to speak with Mr. Giard. I called Maryann Craig who is my first level manager I told her my story and she said I would give you the time off but I had to go thru Mr. Giard. Well I told him the story and his reply was what you want me to do. I told him I need the time off and I did have vacation days left he said no. I told him I was taking the time off that this was an emergency. This was on August 23, 2000. He told me it would be no pay. I called my Union and filed a grievance. The union would not help me so I called Ethic and they said that they would look into the matter and there answer to me was that I would not be in any trouble for any reason for this occasion.

Please note I just got back to work from being on strike, which was no pay. I lost my Dad then my Mom and then my husband he committed sue-side, I am a widow and I am self-supporting and all I have let is my daughter. I could not afford to keep taken no paydays I got my self all upset and fell into a deep depression I went to my doctor who was Dr. Post. He put me out of work and treated me for depression. I could not understand why any boss would treat any human being like this. Well I found out later that because I reported Mr. Giard to the Union on an issue he was out to get me. I called my Union they did nothing for me. Mr. Giard had given Nancy Reynolds paid, vacation time off any time she need it. I asked why and Mr. Giard reply to me was her son is dieing. (Nancy son had Leukemia) Well her son is still alive. To me Mr. Giard did not care about my daughter I could have lost her. She could have bled to death this was a serious situation.

Well while I was out of work, a friend called me and told me that there were bids for a different job in Boston but they were moving to Braintree. I put in for the bid right away and I got the job and was glad to get out of Mr. Giard department. I was very happy to get away from Mr. Giard and I knew my new second Level boss because I worked for him in the past he is Joseph Rooney. I did not know my first level Manager His name was Kevin Devin well everything was going fine. Until this new Girl named Tina McCleary came into our department, I saw her coming in every day at 4:45pm, 5pm, and 5:15 but never at 4:30pm. I asked her what hours do you work she answered 4:30pm. Well I asked why you are always late. Everyday she comes in late and she only lives down the Street. She said I have to wait until my husband gets home to baby sit the kids. I told her that this is not fair I and one other girl named Stephanie Matthess are closing out all the technicians and we needed her here to help. Tina answer was she is not going to pay a baby sitter for ½ hour. Well I know it is not my business but



I took my job very serious and I believe that the company is paying us to be here on time and doing our jobs. However, every day the same routine Tina comes in late and gets on the Telephone to her husband, planning baby shower, buying a house I heard it all. Well I got to my braking point. I was on line helping a tech and had the business on the same line and I could not hear them because Tina was talking loud and laughing on a social call. I stud up and said to her do you mind my tech and the customer can hear you. Do you mine lowering your voice and do some work. Stephanie and I are the only two on line. I then went to Barbara the Union Stuart for help with this problem. I asked her to speak with Tina McCleary about her not doing her work because it was affecting her fellow union members. The Union Stuart took an observation on Tina and me and said that I only did one call more than Tina did. However, what Barbara did not know was that when Tina came in I went off line doing a project for the boss. I informed Barbara the Union girl that if she did not talk to Tina I was going to Management and she said I better not. Well I did not care I was going to report this to my boss Kevin I know I could not use her name but I was not letting this happen to me again. I already went thru this situation in the Brockton with a Girl named Terry Kelly. She use to come into work and do nothing but read her books. I also went to the union for help and again they did nothing until Ethics was coming in to investigate. That's when I had everyone attention the Union and Management. They did not want Ethics to come in. They wanted to resolve the situation all the company did was move her seat away from me. No discipline was ever given to Terry the boss just told her to stay away from me and I stay away from her. Which was fine she would sit over by the window and read all day long and nothing was done ( I believe that it was because she was a lesbian and no one would say anything because she would bring them up on decimation charges.)

   Well now, I hurt my hand on the job. Therefore, I went to the doctors for my hand and she thought it was carpel tunnel and put a brace on it and put me out of work for a week. What I was going thru at work and my attendance was not the greatest (not my fault). I went into depression and went to my doctor for help and he put me out of work. This was March 15 2001. I called Kevin Devon and said I would not be in for the rest of the week. Kevin put on my Attendance Report I said I have a cold. This was not true why I would say I have a cold when I had a doctor note saying I had carpel tunnel. I called the absence-reporting center and told Mr. Mark Nordstrom from Aetna that I hurt my hand on the job and I am out of work with depression. Mr. Nordstrom answer to me was that my hand may get

better why I and out with depression. Time went by now I get a letter saying I need to go to there doctor who was Dr. Pick he said there was nothing wrong with my hand (But I have receive Cortisone short for the pain. Well now, I receive a letter to return to work. I got a worker comp Lawyer Mr. Steven Kantrovitz. I had a hearing if that what you want to call it all I know is the Judge said that I had no case and I should take the settlement which I had no other choose. The amount they gave me was $15,000.00 I got $12,000.00 after paying my lawyer and I told them I was not paying back Unemployment (I got $18,447.00). I got a letter saying I had to return to work on Dec. xx, 2001 well my lawyer responded with a letter saying my doctor said I could no longer do that work. Now the Union has created jobs for other people for one Bob in Taunton they created a Mail job for him. Now 2 months have gone by with no response from the letter my Lawyer sent. Therefore, I thought everything was all set. Then I received a registered letter saying I was terminated as of Dec. 15, 2001. I got the letter on Feb. 1, 2001 now I was calling my Union and they said they do not handle worker's comp. I told them that I got terminated and Her answer to me was what do you want me to do I said to get my (F--King) job back the Union person I was dealing with was Sheila she did nothing I set in grievance to her for my job back. Next thing I know she is no longer with the Union. Now I am dealing with Myles Calvery the head of the Union and his reply to me was what are you F---King stupid that you did not return to work? I tried to explain to him that I was waiting for a reply from the letter my lawyer sent. I am not stupid I would have gone back to work and I could have gone out the next day. He was rude to me and said he could not do any thing for me. Well I called him back and said you can try to do something for me. I even said try to get me at least my pension. I called him back days later and he told me if I drop the Mass. Discrimination charges against the company that he could get me my pension I was so mad I told him no. I said you are supposed to be helping me not the company.

We all work for the same company now remembers I asked for vacation time off for my daughter when she was in the hospital. Mr. Giard said no but at my new location a girl got time off because her CAT died.

Now new rules for my new (union) local 2222 again we all work for same company and there rules were different when it came to Overtime. Local rules were if you are on the same vacation sheet and the same



overtime sheet, the overtime should be equal which was not that way in local 2222 they give overtime out by shift. Which I complain to Sheila at the Union office she was very rude to me and hung up on me. I believe that all the money I gave to my union dues and all the times I walked the pick lines I should have had the union on my side and fighting for me. Not treating me like a piece of garbage. No wonder why I am suffering from depression this got me so mad I wanted to scream at the top of my lungs at my union rep. Help me, Help me you helped many other employees to get there jobs back. Why not me?

**How can there be so many different rules if we are all the same.**

**The rules for dismissal are as followed**

1. **Verbal**
2. **Letter in your folder**
3. **1 day suspension**
4. **Week suspension**
5. **Month suspension or termination**

I ONLY WAS SUSPENSION FOR 1 DAY THEN I WAS TERMNATED

THE COMPANY GOES BY OCCATION NOT THE NUMBER OF DAYS YOU ARE ABSENT.  YOU CAN BE OUT SICK FOR 50 DAYS AND THAT WOULD ONLY COUNT FOR ONE OCCATION.

*Patricia Colla*

### These are just a few names that I know that have been fired and all got there jobs back.

1. Paul McSweeney - Drunk driving a company vehicle and hitting a pole.
2. Jackie Thrower - drunk driving a company vehicle.
3. John Rodowski - when he left a union meeting drunk driving and killed someone.
4. Bill Tirrell Drunk - driving and killed someone and he got his pension.
5. Timmy Egan - drunk driving.
6. Thomas Lassiter - left keys in his company truck when he was in a bar the company truck was stolen.
7. Robert Chipli - could not find him.


### These girls were fired for absentee and all got there jobs back.

1. Marie Verilla - got fired 4 or 5 times for bad absentee not sure.
2. Claire Catelotti - bad absent record fired.
3. Lisa Skapik - bad absent record.

**My witnesses are:**

Michael T. Shea works for Verizon
54 Bavarian Way
Kingston, Mass. 02364

Peggy Bingel
8 Middlesex Ave
Norton, Mass.  02766

Patricia Biziak
459 Robinson Ave.
Attleboro, Mass.  02703

Mr. O'Brien- retired boss from Verizon
79 Donald Street  Apt. 33
Weymouth, Mass.  02188

Stephanie Blanchard (Troy)
24 Stephanie Lane
Bridgewater, Mass.  02324

**I have letter from Supervisors that I use to work for**

1.  Sherry Long

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-00889A | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

PLAINTIFF(S)
PATRICIA M. COLBURN (MASS 02301)
100 KENELWORTH AVE Brockton

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Myself          08 584 6713

Board of Bar Overseers number:

DEFENDANT(S)
VERIZON 125 High St. Boston
IBEW - LOCAL 2133 RICHARD CAPELLO
10 WEST GROVE St Middleboro 02346
IBEW LOCAL 2222 MYLES CAIVERY
122 QUINCY SHORE DRIVE
QUINCY MASS 02171

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JUL 1 9 2004

_____
CLERK

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Civil | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . Subtotal $ . . . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . . . . . $ . . . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . $ . . . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . $ . . . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . $250,000.00
F. Other documented items of damages (describe) PENSION, OT, VACATION time, 401, $ . . ?

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
HURT LEFT HAND ON JOB & GOT DEPRESSION, ALSO PAIN &
SUFFERING, I AM A WIDOW & HAD NO INCOME FOR 2 YRS.
hand surgey on Left hand & now it wont Bend
Disb problem in backbone sitting to long

100 million Verzon
100 million IBEW
$ Sueing both
TOTAL $ 200. Millio

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):
VERIZON
Retire me After workiNg 25 1/2 yrs hurt hard on Job - 100 million
and have Depression                                    UNION 100 million
UNION - Did Not get my JOB BACK or HELP ME    TOTAL $ 200 million

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of ~~Attorney~~ of Record  Patricia M Colbur          DATE: 7/19/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

| 53-1570 | 290 — | | 290 — | 7/K1/04 | Patricia Colburn | Complaint | 04-889 |
|---------|-------|--|-------|------|------------------|-----------|--------|
| CHECK NUMBER | CHECK | CASH | NET AMOUNT | DATE | NAME | DESCRIPTION | DOCKET NO. |

**THE COMMONWEALTH OF MASSACHUSETTS**
CLERK - MAGISTRATE
PLYMOUTH DIVISION
SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT
COURTHOUSE, 72 BELMONT ST.
BROCKTON, MA 02401

# Commonwealth of Massachusetts
## County of Plymouth
## The Superior Court

CIVIL DOCKET# **PLCV2004-00889-A**

RE:   **Colburn v Verizon et al**

TO:   **Patricia Colburn**

### TRACKING ORDER - F TRACK

You are hereby notified that this case is on the **fast (F) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 10/17/2004 |
| Response to the complaint filed (also see MRCP 12) | 12/16/2004 |
| All motions under MRCP 12, 19, and 20 filed | 12/16/2004 |
| All motions under MRCP 15 filed | 12/16/2004 |
| All discovery requests and depositions completed | 05/15/2005 |
| All motions under MRCP 56 served and heard | 06/14/2005 |
| Final pre-trial conference held and firm trial date set | 07/14/2005 |
| Case disposed | 09/12/2005 |

The final pre-trial deadline is **not the scheduled date of the conference**. You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to session **A** sitting in **CtRm 4 (72 Belmont Street, Brockton)** at **Plymouth Superior Court.**

Dated: 07/19/2004

Francis R. Powers
Clerk of the Courts

BY: John C. Barr
Assistant Clerk

Location: CtRm 4 (72 Belmont Street, Brockton)
Telephone: (508) 583-8250 ext. 305

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130

Check website as to status of case: http://ma-trialcourts.org/tcic

cvdtracf_1.wpd 414576 trkset thrasher

A TRUE COPY ATTEST

*Frand R Powers*

CLERK

2.

7/19/04.

Motion to send summons By Certified
Mail
PLCV2004-00889-A
Colleure v Verizon
I Patricia M Colleure would like to
send these summons by Certified
mail as I can not afford to pay
the Sheriff offices there are 3 Different
offices

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

JUL    2004

Francis R Power
CLERK

Patricia M Colleure
7/19/04

7/19/2004
Motion by the pro-se plaintiff
is denied based on the
hearing held last Friday 7/16/04
and my findings & rulings.

C.J. Graham

A TRUE COPY ATTEST
Francis R Power
CLERK

**COMMONWEALTH OF MASSACHUSETTS**

3

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. *PLCV2004-00889-A*

Plaintiff(s) *100 KENELWORTH AVE BROCKTON MASS 02301*

vs.

Defendant(s) *106 WEST GROVE St MIDDLEBORO, MASS 02346*

SUMMONS *508 947-2131*

To the above-named defendant :

You are hereby summoned and required to serve upon *PATRICIA M COLBURN* plaintiff ~~attorney~~, whose address is *100 KENELWORTH AVE*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject ~~matter of the plaintiff claim or you~~ will thereafter be barred from making such claim in any other action.

Witness **Suzanne V. DelVecchia** ~~Esquire~~, at Brockton, the ........*19th*........ day of ...*July*..., in the year of our Lord ~~one thousand nine hundred and~~ *2004*.................

*Francis R. Powers*

CLERK.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

PROOF OF SERVICE OF PROCESS

**Plymouth County Sheriff's Department** • P.O. Box 1663 • Brockton, MA 02303 • 580-2110

*Plymouth, ss.*

August 6, 2004

I hereby certify and return that on 8-4-2004 at 02:56 pm I served a true and attested copy of the summons, complaint, and civil action cover sheet in this action in the following manner: To wit, by leaving at the last and usual place of abode of Richard Cappello, 106 West Grove Street, Middleboro, MA 02346. Basic Service Fee ($20.00), Conveyance ($4.50), Travel ($9.60), Postage and Handling ($3.00), Attest (2 copies) ($10.00) Total Charges $47.10 Left with adult female, Claire Belrose

A TRUE COPY ATTEST

*Francis R. Powers*
CLERK

Deputy Sheriff Gregory S. Kamon

Deputy Sheriff

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.

8-17-04

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

CIVIL ACTION

NO. *PLCV 2004-00889-A*

*Patricia M Colburn*                    , Plaintiff(s)  *100 KENELWORTH AVE BROCKTON, MASS. 02301*

*Verizon*
*c/o Donna Cepelo*
*President & CEO of Mass.*                    , Defendant(s)  *185 Franklin St*

SUMMONS  *Boston, Mass 02110*
*617-743-8876*

To the above-named defendant   :

You are hereby summoned and required to serve upon *PATRICIA M. Colburn* plaintiff ~~attorney~~, whose address is *100 KENELWORTH AVE*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff   which arises out of the transaction or occurrence that is the subject ~~matter of the plaintiff   claim or you~~ will thereafter be barred from making such claim in any other action.

Witness **Suzanne V. DelVecchio** ~~Esquire~~, at Brockton, the ............ *19th* ............ day of *July* ............ , in the year of our Lord ~~one thousand nine hundred and~~ ...*2004*.........

*Francis R. Powers*

CLERK.

## NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort — Contract — Equitable Relief — Other.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .............................................., 19    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant    , in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

A TRUE COPY ATTEST

*Francis R. Powers*
CLERK

Dated: ........................., 19

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 17 2004

*Francis R. Powers*
CLERK

N. B.   TO PROCESS SERVER:—
PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

........................., 19    .

*NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office at Brockton.*

Form 1



**Suffolk County Sheriff's Department** • 45 Bromfield Street • Boston, MA  02108 • (617) 989-6999

*Suffolk, ss.*

August 10, 2004
I hereby certify and return that on 8/6/2004 at 10:35AM I served a true and
attested copy of the Summons, Complaint and Cover Sheet in this action in the
following manner: To wit, by delivering in hand to Michelle Curran, Corp Secretary,
for Verizon, at c/o Donna Cepelo,  185 Franklin Street,  Boston, MA 02110. Basic
Service Fee (IH) ($30.00), Travel ($9.60), Postage and Handling ($1.00),
Attest/Copies ($5.00) Total Charges $45.60

*John Cotter*

*Deputy Sheriff*

Deputy Sheriff    John Cotter

COPY 5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04  11784 MLW

CLERK

AUG 1 9 2004

FILED
COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

Patricia M. Colburn,
            Plaintiff

v.

Richard Cappiello,
            Defendant

)
)
)
)
)
)
)
)
)

Civil Action No.

I HEREBY ATTEST AND CERTIFY ON
THAT THE FOREGOING DOCUMENT
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BY:

## NOTICE OF REMOVAL

Under 28 U.S.C. §§ 1331, 1441, et seq., Defendant Richard Cappiello

hereby removes this action from the Superior Court of Plymouth County,

Massachusetts, docketed there as 04-00889-A, to the United States District Court

for the District of Massachusetts. Defendant represents the following to support

this Notice:

1.    Plaintiff Colburn commenced this action by filing a Complaint and

a Demand for a Jury claim on or about July 19, 2004 in the

Plymouth County Superior Court, Brockton, Massachusetts,

captioned Patricia Colburn vs. Richard Cappello [sic]. This complaint

was served on Mr. Cappiello on August 4, 2004. (A copy of the

complaint and summons are attached hereto as Exhibit A).

2.    The complaint alleges that the Union, of which Mr. Cappiello is the

business manager, through various actions, failed to provide

A TRUE COPY ATTEST

CLERK

proper representation to the Plaintiff, in both work-rule rule related grievances and in opposing her termination.

3.  Although the Complaint does not assert any specific legal basis, the claims asserted flow directly from Mr. Cappiello's duty as a Union agent to represent the plaintiff fairly under the collective bargaining agreement with the Plaintiff's employer, Verizon.

4.  In essence, the Plaintiff's claim relates to the Union's responsibility to provide its members with fair representation under the collective bargaining agreement; pursuant to Section 301 of the Labor-Management Relations Act of 1948, 29 U.S.C. § 185, this action must be treated as a claim under federal labor law. United Steelworkers v. Rawson, 495 U.S. 362, 367 ("[A]n individual employee's state law tort suit against her union . . . must be treated as a claim under federal labor law, when the duty of care allegedly arose from the collective bargaining agreement between the union and the employer.").

5.  Further, to decide whether Mr. Cappiello's actions were proper, it will be necessary for the court to consider what Mr. Cappiello's duties were under the Union's collective bargaining agreement with Verizon. Under Section 301, claims requiring a fact finder to consider the terms of a collective bargaining agreement are totally preempted, and the well pleaded complaint rule cannot defeat

removal. <u>Stikes v. Chevron, USA</u>, 914 F.2d 1265, 1267 (9th Cir. 1990), cert. den, 500 U.S. 917 (1991).

6.    The Union is a labor organization as defined in 29 U.S.C. § 152. Although the Plaintiff's Complaint names Mr. Cappiello and not the Union as a defendant, the allegations against Mr. Cappiello relate solely to actions taken in his capacity as a Union officer. Therefore, the Plaintiff's claims against Mr. Cappiello are subject to removal. Rawson, 495 U.S. at 372.

7.    The District Court of the United States has jurisdiction over suits requiring the interpretation of collective bargaining agreements without respect to the amount in controversy or regard to the citizenship of the parties. 29 U.S.C. § 185. This court, therefore, has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 185 and federal question jurisdiction pursuant to 29 U.S.C. § 1331.

8.    Written notice of the filing of this notice of removal has been served upon the Plaintiff, and a copy has been filed with the Clerk of the Plymouth County Superior Court, along with a request that a certified copy of the state court record be compiled for submission in this court.

Respectfully submitted,

Richard Cappiello,
By his attorneys,

Harold L. Lichten, BBO #549689
Nicole Horberg Decter, BBO #658268
Pyle, Rome, Lichten, Ehrenberg &
            Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Telephone: (617) 367-7200
Facsimile: (617) 367-4820

Dated: August 16, 2004

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108
----------
Telephone (617) 367-7200
Fax (617) 367-4820

***Tod A. Cochran
OF COUNSEL

***Also admitted in California

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Kathrine D. Shea

M. Amy Carlin
Catherine Highet
Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon

August 18, 2004

*Also admitted in Maine
**Also admitted in New York

Civil Clerk
Plymouth County Superior Court
72 Belmont Street
Brockton, MA 02301

Re:    Patricia M. Colburn v. Richard Cappiello
       Civil Action No. 04-00889-A

Dear Sir/Madam:

Enclosed for filing please in connection with the above-referenced matter please find Notice of Filing of Notice of Removal.

Thank you for your attention to this matter and please call if you have any questions.

Very truly yours,

Nicole Horberg Decter

Nicole Horberg Decter

NHD:cl
Enclosures

cc:    Richard Cappiello

74

# COMMONWEALTH OF MASSACHUSETTS

PLYMOUTH, ss.

Superior Court
Civil Action No. 04-00889-A

Patricia M. Colburn,
      Plaintiff

    v.

Richard Cappiello,
      Defendant

)
)
)
)
)
)
)
)
)

## NOTICE OF FILING OF NOTICE OF REMOVAL

TO:    Civil Clerk
      Plymouth County Superior Court
      72 Belmont Street
      Brockton, MA 02301

Please take notice that Richard Cappiello, defendant in the above-named action, has this date filed a Notice of Removal of this action with the United States District Court, District of Massachusetts. A copy of the Notice of Removal is attached.

Please compile a certified copy of the record in this case for submission to the Federal Court.

Respectfully submitted,

Richard Cappiello,
By his attorneys,

Harold L. Lichten, BBO #549689
Nicole Horberg Decter, BBO #658268
Pyle, Rome, Lichten, Ehrenberg &
          Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
Telephone: (617) 367-7200
Facsimile: (617) 367-4820

Dated: August 16, 2004

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT DEPARTMENT OF THE
TRIAL COURT OF THE COMMONWEALTH

PLYMOUTH, ss.

CIVIL ACTION

NO. *PLCV 2004-00889-A*

*Patricia McCollin* , Plaintiff(s)  *100 KENELWORTH AVE*
*BROCKTON, MASS 02301*

vs.

*Myles Calvery* , Defendant(s)  *122 QUINCY SHORE DRIVE*
*QUINCY MASS 0271*

SUMMONS

To the above-named defendant  :

You are hereby summoned and required to serve upon *PATRICIA M COLBURN*
plaintiff attorney, whose address is *100 KENELWORTH AVE*, an answer to the
complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint. You are also required to file your answer to the complaint in the
office of the Clerk of this court at Brockton either before service upon plaintiff attorney or within a
reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff claim or you will thereafter be barred from making such claim in any other action.

Witness Suzanne V. DelVecchio  Esquire, at Brockton, the ............ *19th* ............ day of
................. *July* ................. in the year of our Lord one thousand nine hundred and ............ *2004* .............

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPT. OF THE TRIAL COURT
PLYMOUTH COUNTY

AUG 20 2004

CLERK

*Francis R. Powers*

CLERK.

NOTES

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the
caption. If a separate summons is used for each defendant, each should be addressed to the
particular defendant.
3. To plaintiff's attorney: please circle type of action involved — Tort — Motor Vehicle Tort —
Contract — Equitable Relief — Other.

NOTICE TO DEFENDANT – You need not appear personally in court to answer the complaint, but if
you claim to have a defense, either you or your attorney must serve a copy of your written answer within
20 days as specified herein and also file the original in the Clerk's Office at Brockton.

PROOF OF SERVICE OF PROCESS

**Norfolk County Sheriff's Department**   2015 Washington St. • Braintree, MA 02184 • (781) 326-1787

*Norfolk, ss.*

August 16, 2004

I hereby certify and return that on 8/16/2004 at 11:13 am I served a true and attested copy of the summons, complaint and
civil action cover sheet in this action in the following manner: To wit, by delivering in hand to Myles Calvery at 122
Quincy Shore Drive  North Quincy, MA  02171. Basic Service Fee ($30.00), Copies-Attestation ($5.00), Conveyance
($1.50), Postage and Handling ($1.00), Travel ($15.36) Total Charges $52.86

A TRUE COPY ATTEST

*Frank R. Powers*

CLERK

Deputy Sheriff

Deputy Sheriff Ronald Goguen



RECEIVED
AUG 2 6 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

PATRICIA M. COLBURN

        Plaintiff,

v.

IBEW LOCAL 2133 (RICHARD CAPELLO),
IBEW LOCAL 2222 (MYLES CALVERY),
VERIZON.

        Defendants.

CIVIL ACTION NO.

(Related Case: 04-CV-11784MLW)

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1331, 1441 and 1446, and for the sole purpose of removing this matter to the United States District Court for the District of Massachusetts, Defendant, Verizon (properly known as Verizon Communications, Inc.) ("Verizon") states the following.

1.    <u>State Court Action</u>.

Plaintiff, Patricia filed this action against Defendant in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, docket number PLCV2004-00889. (A true and accurate copy of the Complaint, summons and civil action cover sheet is attached as Exhibit A). The Plaintiff filed the same action against Richard Capiello, which was previously removed to this Court on August 19, 2004. That action is entitled <u>Colburn v. Capiello</u>, Docket No. 04-CV-11784MLW. The Plaintiff served Verizon on or about August 6, 2004.

A TRUE COPY ATTEST

2.    Federal Jurisdiction.

The Complaint, although vague and unclear, appears to be a hybrid wrongful termination/fair representation action under § 301 of the Federal Labor Management Relations Act, 29 U.S.C. § 185. Consequently, this Court has original jurisdiction over this matter under the provisions of 28 U.S.C. § 1331, and this matter is properly removable to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

3.    Timeliness of Notice of Removal.

Verizon first received a copy of the Complaint on or about August 6, 2004. Removal of this action is, therefore, timely under 28 U.S.C. § 1446(b).

4.    Relief Requested.

Defendants request that the United States District Court for the District of Massachusetts, Eastern Division, assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

5.    Notice to the Plaintiff and State Court.

A copy of this Notice of Removal was served upon the Plaintiff via certified mail, return receipt requested and on the Plymouth Superior Court vial regular mail on August 25, 2004.

BOS_457859_1/WROSEBUSH

Respectfully submitted,

VERIZON COMMUNICATIONS, INC.

By their attorneys,

Timothy P. Van Dyck, BBO #548347
Windy L. Rosebush, BBO #636962
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 439-4444

Date:  August 25, 2004

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on August 25, 2004 I caused a copy of the foregoing document to be served upon all counsel of record and Patricia M. Colburn, *pro se*, 100 Kenelworth Avenue, Brockton, MA 02301 via certified mail, return receipt requested.

Windy L. Rosebush