UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| PATRICIA M. COLBURN ) | |
| ) | CIVIL ACTION NO. |
| Plaintiff, ) | 04-CV-11859MLW |
| v. ) | |
| ) | (Related Case: 04-CV-11784MLW) |
| IBEW LOCAL 2133 (RICHARD CAPELLO), ) | |
| IBEW LOCAL 2222 (MYLES CALVERY), ) | |
| VERIZON. ) | |
| ) | |
| Defendants. ) | |

## DEFENDANT, VERIZON COMMUNICATIONS, INC.'S [1]
## MOTION TO CONSOLIDATE THIS ACTION WITH RELATED MATTER

The Defendant, Verizon Communications, Inc. ("Verizon") seeks to consolidate this matter with the previously filed civil action entitled Colburn v. Cappiello, Civil Action No. 04-CV-11784MLW for all purposes.[2] In support of the Motion, Verizon states the following:

1. Consolidation is appropriate where multiple actions involve a common party as well as common issues of fact and law. Seguro De Servicio De Salud De Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). The cases need not be identical for consolidation, nor must there be a complete overlap of factual and legal issues. Tingley Systems, Inc. v. CSC Consulting, Inc., 152 F.Supp.2d 95, 102 (D. Mass. 2001). Motions to consolidate

---

[1] In the Plaintiff's Complaint, she has identified the Defendant simply as "Verizon."

[2] The caption utilized in this matter was the caption assigned by the Superior Court. The Plaintiff's Complaint did not contain a caption identifying the parties to the case. To Verizon's knowledge, neither of the union Defendants have been served to date, and therefore, no appearance has been filed on their behalf and no responsive pleading is due by them. Since they are not yet properly before this Court, they have not been consulted concerning the consolidation of these matters. Similarly, because the Plaintiff is *pro se*, and such contact would put Verizon in the untenable position of providing a legal explanation to the Plaintiff, she has not been consulted concerning consolidation of these matters.

are usually granted where there is the requisite commonality for consolidation unless there is a showing of prejudice by the opposing party. Tingley Systems, Inc., 152 F.Supp.2d at 102, citing, Seguro De Servicio De Salud De Puerto Rico , 878 F.2d at 8.

2. To determine whether the same questions of law or fact are implicated in multiple actions, the court should consider the identity of the parties, the legal issues raised by the parties, and whether the witnesses are the same in each action. Kelly v. Kelly, 911 F.Supp. 66, 69 (N.D.N.Y. 1996). "[W]here both suits arise from the same operative facts, and substantially the same witnesses will testify in both cases, consolidation is particularly appropriate and will serve the purpose of 'trial convenience and economy in administration.'" De Figueiredo v. Trans World Airlines, Inc., 55 F.R.D. 44, 46 (S.D.N.Y. 1971). See also Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947)(district court may consolidate actions to avoid duplication of "closely similar cases ").

3. Consolidation is also proper where it would prevent separate actions from producing conflicting results. International Paving Systems, Inc. v. Van-Tulco, Inc., 806 F.Supp. 17, 22 (E.D.N.Y. 1992); Bank of Montreal v. Eagle Assoc., 117 F.R.D. 530, 533 (S.D.N.Y. 1987) ("One of the primary objectives of consolidation is to prevent separate actions from producing conflicting results.").

4. Consolidation is particularly appropriate in this case where both of these actions arise out of the identical Complaint filed by the Plaintiff in Plymouth Superior Court. The reason for the separate removal resulting in the docketing of separate actions is a direct function of the Plaintiff's failure to include a caption with her Complaint which identifies all of the named parties. Furthermore, the Plaintiff failed to list all of the Defendants in the Summonses served on the various Defendants to date. Rather, when serving each party, she only named the party

served on the Summons. Therefore, when Mr. Cappiello received service of the Summons and Complaint in the state court action, there was nothing in either the Complaint[3] nor the Summonses to indicate to him that there were other named Defendants in the case, resulting in his removal of the action to this Court on or about August 17, 2004. That case, entitled Colburn v. Cappiello, Civil Action No. 04-CV-11784MLW, is pending before this Court.

5. Thereafter, counsel for Verizon reviewed the online docket to determine who the Superior Court had designated as the Defendants in the state court action since the Plaintiff did not include a caption on her Complaint or otherwise clearly identify who was a defendant in the case. At that time, Verizon's counsel learned that Mr. Cappiello had removed the case to the Superior Court, not having knowledge that there were other Defendants in the litigation.

6. Therefore, on August 25, 2004, Verizon removed the action as to the claims against it, and utilized the caption established in the state Superior Court, as set forth above, when filing the Notice of Removal and other removal papers with this Court. The "parties", however - to the extent that they can be identified from the body of the Complaint- are the same in both actions. As a result of the manner in which the Plaintiff filed and served this claim, this action entitled Colburn v. IBEW Local 2133, Civil Action No. 04-CV-11859MLW is now pending as a separate matter even though both cases, removed on the same federal question grounds, arise out of the exact same Complaint filed by the Plaintiff in state court.

7. These two cases clearly meet the standard for consolidation under Fed. R. Civ. P. 42(a), since they *per se* involve the same questions of law and fact, and are both "pending before the court."

---

[3] While the Plaintiff discusses a number of people and entities in the body of her Complaint, which lacks a caption, she does not identify them as Defendants or indicate she has a legal claim against any of them.

8. No party will be prejudiced by the consolidation of these cases because both cases are in their early stages, neither has had a status conference, no scheduling order has been established in either case, and consolidation will avoid duplication of efforts by the parties and the Court. Consolidation would also ensure that both cases are consistently and expediently resolved.

9. In addition, avoiding conflicting results is of particular concern in these matters because both are founded on the identical Complaint. Consolidation will prevent two Courts acting on the same Complaint from reaching disparate resolutions.

10. Therefore, the interests of efficiency and judicial economy dictate that these two proceedings be consolidated for all purposes.

WHEREFORE, Verizon, respectfully requests that this matter, Civil Action No. 04-CV-11859MLW, and the related action, Civil Action No. 04-CV11784MLW), be consolidated for all purposes.

Respectfully submitted,

VERIZON COMMUNICATIONS, INC.
By its attorneys,

Timothy P. Van Dyck, BBO #548347
Windy L. Rosebush, BBO #636962
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Telephone: (617) 439-4444

Date: September 14, 2004

## CERTIFICATE OF SERVICE

I, Windy L. Rosebush, hereby certify that on September 14, 2004, I caused a copy of the foregoing document to be served upon Patricia M. Colburn, *pro se*, 100 Kenelworth Avenue, Brockton, MA 02301 via certified mail, return receipt requested and regular mail.

_____
Windy L. Rosebush