UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| Patricia M. Colburn, )<br>      Plaintiff )<br>)<br>v. )<br>)<br>Richard Cappiello, )<br>      Defendant. )<br>) | Civil Action No. 04-11859 MLW |

### Defendant Richard Cappiello's Opposition to the Plaintiff's Motion for Reconsideration

Now comes the Defendant, Richard Cappiello, and hereby opposes the Plaintiff's Motion for Reconsideration in this matter. As for the reasons stated below in this Opposition, as well as those in the Defendant Cappiello's Memorandum in Support of the Defendant's Motion to Dismiss, the Plaintiff's instant Motion is wholly without merit. On these bases, the Plaintiff's Motion for reconsideration should be denied.

In her Motion for Reconsideration, the Plaintiff alleges that her Complaint in the above-captioned matter is timely, despite the fact that it was filed over two years after expiration of the six-month statute of limitations governing lawsuits brought under the Labor Management Relations Act of 1947("LMRA"), Section 301. As grounds, the Plaintiff asserts that her lawsuit against Defendant Cappiello should be reinstated because she had an outstanding employment

1

discrimination claim pending with the Massachusetts Commission Against Discrimination ("MCAD").

The Plaintiff's Motion must fail because the Plaintiff's duty of fair representation claims against Defendant Cappiello, brought in the above-captioned matter, and her employment discrimination claims brought, alleged charged in 02-BEM-00376, under G.L. c. 151B are completely distinct.  It is axiomatic that a plaintiff's filing of an employment discrimination claim with the appropriate state (MCAD) or federal (EEOC) administrative agency only tolls the statute of limitations with regard to future civil employment discrimination claims; further, a plaintiff's failure to adhere to the statute of limitations on other, unrelated state and federal claims during the pendency of the administrative employment discrimination claims is fatal to those unrelated claims.   *Vargas v. Fuller Brush Co. of Puerto Rico*, 336 F. Supp. 2d 134, 145 (D. P.R. 2004) (citations omitted) (statute of limitations on alleged torts not tolled by filing of Civil Rights Act Title VII claims filed at EEOC by plaintiff); *Iravedra v. Public Building Authority*, 283 F.Supp.2d 570, 577 (D.P.R. 2003) (statute of limitations on § 1983 action not tolled by filing of Title VII claims at EEOC);  *Gardner v. St. Bonaventure University*, 171 F. Supp. 2d 118, 130  (W.D.N.Y. 2001) (statute of limitations on intentional infliction of emotional distress claim and thus not tolled by filing Title VII claims with EEOC) (citations omitted).

In this case, the Plaintiff has alleged that Defendant Cappiello failed to meet his duty of fair representation to her when she was terminated in December 2001, a claim actionable only under LMRA § 301.  *Avco Corp. v. Machinists,* 390

U.S. 557, 88 S.Ct. 1235 (1968)(§ 301 pre-empts any state law claim for breach of a collective bargaining agreement).  The Plaintiff's section 301 claim is completely unrelated to her alleged MCAD charge.  Pursuant to G.L. c. 151B, a charge brought before the MCAD must allege that a complainant was discriminated against within the context of an employment relationship on the basis of the complainant's membership in a statutorily protected class (gender, race, age, handicap, sexual orientation).  Conversely, a duty of fair representation claim brought pursuant to LMRA section 301 alleges that a union (and, on occasion an employer) failed to enforce the terms of a collective bargaining agreement with regard to one of its members.  This distinction is further evidenced by fact that the Plaintiff failed to name Cappiello or Local 2322 in her MCAD charge and did not allege any facts in her Complaint suggesting that Cappiello discriminated against her as a result of her status in a protected class.  Thus, because the Plaintiff's duty of fair representation claims are distinct from her MCAD charges, and the six-month statute of limitations on the Plaintiff's duty of fair representation claims expired over three years ago, the Plaintiff's motion for reconsideration must be denied.

The Plaintiff's Motion for Reconsideration should also be denied because the Plaintiff failed to name either Cappiello or his employer, Local 2322, as parties to her MCAD charge.  Even assuming that the Plaintiff's Complaint had alleged employment discrimination rather than a duty of fair representation claim under LMRA section 301, neither Cappiello or Local 2322 were proper parties to this action.  Under the Commonwealth's employment discrimination statute

3

applicable at the time the Plaintiff allegedly filed her MCAD charge, G.L. c. 151B § 1, *et seq.* (2002), a plaintiff must file all claims of employment discrimination with the Massachusetts Commission Against Discrimination ("MCAD") within six months of the alleged discriminatory actions before removing those claims to court. See *id.* at §§ 5, 9; *Carter v. Commissioner of Correction,* 43 Mass. App. Ct. 212 (1997). Moreover, regulations implementing Chapter 151B provide that the charge must include "appropriate identification of the Complainant(s) and the person(s) alleged to have committed unlawful discriminatory acts." 804 CMR 1.03(4)(a). Whether a party has been appropriately identified as a wrongdoer in a charge filed with the MCAD so as to support a subsequent civil action against that party is a matter to be determined from a reading of the charge as a whole. *See Chatman v. Gentle Dental Ctr. Of Waltham*, 973 F. Supp. 233, 234-35 (D. Mass. 1997).

The purpose of this stringent notice/administrative exhaustion requirement is both to provide the putative defendant notice of the administrative charges and to ensure the efficiency and efficacy of the administrative remedy. "[T]he requirement that the § 9 action be preceded by the MCAD complaint has a dual purpose. First, it is meant to provide the agency with an opportunity to investigate and conciliate the claim of discrimination. Second, the filing requirement provides notice to the defendant of a potential suit." *Conroy v. Boston Edison Co.*, 758 F. Supp. 54, 57 (D. Mass. 1991). Thus, unsurprisingly, both the federal and the state courts have uniformly held that a putative defendant has not been "appropriately named" in an the plaintiff's administrative

4

charge if the charge fails to put the putative defendant on notice, the charge does not put the putative defendant's conduct at issue, and as a result, the putative defendant did not have an opportunity to participate in the MCAD proceeding. *See Wright v. COMPUSA, Inc.* 183, F. Supp. 2d 308, 309-10 (2001); *Chatman v. Gentle Dental Ctr. of Waltham*, 973 F. Supp. at 234-35 (D. Mass. 1997); *Winters v. ADAP, Inc.*, 76 F.Supp.2d 89 (D. Mass 1999); *Powers v. H.B. Smith Co.*, 42 Mass. App. Ct. 657, 667 (1997); *Kuketz v. MDC Fitness Corp.*, 13 Mass. L. Rptr. 511 (Mass. Super. Ct. 2001).   On these bases, both state and federal courts have held that, as a general rule, a plaintiff's failure to name a party as a respondent in an administrative charge before the MCAD forecloses the plaintiff from maintaining a G.L. c. 151B claim against the same party in a subsequent civil action.  *See Wright v. COMPUSA, Inc.* 183, F. Supp. 2d 308, 309-10 (2001); *Chatman v. Gentle Dental Ctr. Of Waltham*, 973 F. Supp. at 234-35; *King v. First*, 46 Mass. App. Ct. 372, 374 (1999); *Powers v. H.B. Smith Co.*, 42 Mass. App. Ct. 657, 667 (1997).

   In this case, Defendant Cappiello did not have constructive, actual or "appropriate notice" of the Plaintiff's MCAD charge prior to the filing of the above-captioned matter.  *See* Affidavit of Richard Cappiello, attached hereto as Exhibit A. Defendant Cappiello was not named as a respondent by the Plaintiff in her MCAD charge, nor was he served, either in his individual or in his official capacity as the business representative for Local 2322, with the Plaintiff's MCAD charge. *Id.* at ¶¶ 3-4.  In fact, Defendant Cappiello had no notice, or reason to know, that the Plaintiff had filed an MCAD charge until the Plaintiff filed the instant Motion

for Reconsideration. *Id*. at ¶ 4. To date, Defendant Cappiello has not received a copy of the Plaintiff's MCAD charge which purportedly forms the basis for the instant Motion. *Id*. at ¶ 3. For these reasons, Defendant Cappiello had no notice of the Plaintiff's MCAD charge, much less any way of knowing whether the Plaintiff's MCAD charge put his conduct at issue. Thus, because the Defendant Cappiello did not have appropriate notice, Defendant Cappiello did not have opportunity to participate in the MCAD investigation and conciliation process before the instant lawsuit was filed.

On these bases, as well as those stated in Defendant Cappiello's Memorandum in Support of his Motion to Dismiss, this court should deny the Plaintiff's Motion for Reconsideration.

            Respectfully submitted,

            Richard Cappiello,
            By his attorneys,

            s/    Nicole Horberg Decter
            Harold L. Lichten, BBO #549689
            Nicole Horberg Decter, BBO #658268
            Pyle, Rome, Lichten, Ehrenberg &
                Liss-Riordan, P.C.
            18 Tremont Street, Suite 500
            Boston, MA 02108
            Telephone: (617) 367-7200
            Facsimile: (617) 367-4820

Dated: April 20, 2005

## **CERTIFICATE OF SERVICE**

    I hereby certify that on April 20, 2005, I caused a copy of this document to be served by first-class mail on all counsel of record and the Plaintiff, Ms. Patricia Colburn who has appeared pro se.

                                           _____s/ Nicole Horberg Decter_____
                                               Nicole Horberg Decter, Esq.