UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

| | |
|---|---|
| PATRICIA M. COLBURN, )<br>)<br>        Plaintiff, )<br>v. )<br>)<br>IBEW LOCAL 2133 (RICHARD CAPELLO), )<br>IBEW LOCAL 2222 (MYLES CALVERY), )<br>VERIZON. )<br>)<br>        Defendants. )<br>) | CIVIL ACTION NO.<br><br>04-CV-11859MLW<br><br>(Related Case: 04-CV-11784MLW) |

**DEFENDANT, VERIZON COMMUNICATIONS, INC.'S [1]**
**OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

The Defendant, Verizon Communications, Inc. ("Verizon") opposes the Plaintiff's Motion for Reconsideration of the Court's dismissal of her claims.  The Plaintiff seeks reconsideration on the grounds that she delayed filing her claim because she had a discrimination case pending against the Defendants at the Massachusetts Commission of Discrimination ("MCAD").  This allegation, however, does not resurrect the Plaintiff's dismissed claims because the filing of a claim with the MCAD for discrimination under Mass. Gen. Laws ch. 151B does not toll the six-month statute of limitations applicable to the Plaintiff's hybrid wrongful termination/breach of the duty of fair representation claims under Section 301 of the Labor Management Relations Act, 29 U.S.C. §§ 158 and 185, which were before this Court.

The filing of an MCAD complaint is not a prerequisite to filing a § 301 claim.  Therefore, it does not excuse the Plaintiff's failure to bring a timely civil action under § 301.  Nor does the MCAD Complaint toll the time within which the Plaintiff may file suit.  As such, the Court's

---

[1] In the Plaintiff's Complaint, she has identified the Defendant simply as "Verizon."

dismissal of the Plaintiff's claims against Verizon was proper because the Plaintiff failed to file her hybrid wrongful termination/unfair representation claim within six months of her termination.

However, even if the Court were to consider the fact that the Plaintiff had previously filed an MCAD Complaint, the filing of the MCAD Complaint does not excuse the Plaintiff's delay in filing suit. According to the Plaintiff's own Complaint, she learned of her termination on February 1, 2002.[2] Furthermore, based solely upon the documents filed by the Plaintiff along with her Motion for Reconsideration, she filed her MCAD Complaint for discrimination on or about February 13, 2002 and the MCAD terminated the case on August 19, 2003. See Letter of Patricia Colburn to Katherine Martin dated August 25, 2003. However, the Plaintiff failed to file her wrongful termination/unfair representation claims in the state court (which were later removed) until July 19, 2004, eleven (11) months after the MCAD terminated her claim. Therefore, even if the filing of the MCAD Complaint constituted a toll of the § 301 statute of limitations, the Plaintiff's claim is still untimely because she failed to file her § 301 claims within six months of the termination of the MCAD claim.

For these reasons, the Plaintiff's Motion for Reconsideration should be denied and Judgment should enter for Verizon.

---

[2] The Complaint actually states that the Plaintiff learned of the termination on February 1, 2001. (Complaint, p. 4). This appears to be a typographical error and should say 2002 given the date the termination letter was sent to the Plaintiff.

        Respectfully submitted,

        VERIZON COMMUNICATIONS, INC.
        By its attorneys,


        ____/s/ Windy L. Rosebush_____
        Timothy P. Van Dyck, BBO #548347
        Windy L. Rosebush, BBO #636962
        EDWARDS & ANGELL, LLP
        101 Federal Street
        Boston, MA 02110
        Telephone: (617) 439-4444

Date: April 20, 2005


**CERTIFICATE OF SERVICE**

    I, Windy L. Rosebush, hereby certify that on April 20, 2005, I caused a copy of the foregoing document to be served upon Patricia M. Colburn, *pro se*, 100 Kenelworth Avenue, Brockton, MA 02301 via certified mail, return receipt requested and first class mail.

        ____/s/ Windy L. Rosebush_____